# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

May 18, 2021

Mr. David Crews
Northern District of Mississippi, Aberdeen
United States District Court
301 W. Commerce Street
Aberdeen, MS 39730

    No. 21-60159   In re: Thomas Taylor
                       USDC No. 1:21-CV-23

Dear Mr. Crews,

Enclosed is a copy of the judgment issued as the mandate.

                               Sincerely,

                               LYLE W. CAYCE, Clerk

                               By: _____
                               Whitney M. Jett, Deputy Clerk
                               504-310-7772

cc w/encl:
    Mr. Thomas Edward Taylor

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2021

Lyle W. Cayce
Clerk

No. 21-60159

IN RE: THOMAS EDWARD TAYLOR,

                         *Movant.*

Motion for an order authorizing
the United States District Court for the
Northern District of Mississippi to consider
a successive 28 U.S.C. § 2254 application

Before JONES, ELROD, and HIGGINSON, *Circuit Judges*.

PER CURIAM:

    Thomas Edward Taylor, Mississippi prisoner # 41189, was convicted by a jury of capital rape and was sentenced to life imprisonment. Taylor now moves for authorization to file a successive 28 U.S.C. § 2254 application challenging his conviction.

    This court may authorize the filing of a successive § 2254 application only if the applicant makes a prima facie showing that either (1) his claim relies on a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court and was previously unavailable; or (2) the factual predicate for the claim could not have been discovered previously through due diligence, and the underlying facts, if proven, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant

guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A), (B), (b)(3)(C). A claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed. § 2244(b)(1).

If granted authorization, Taylor intends to raise three grounds for relief. He first asserts that the trial judge failed to follow state law by affording him a mental evaluation followed by a competency hearing after determining that he was incompetent. Second, he contends that he is entitled to DNA testing of existing evidence, and he asserts that such testing would establish his innocence. Finally, Taylor claims that his indictment was forged and was not issued by a grand jury.

Taylor does not assert that his claims rely on a new rule of constitutional law, and thus he must satisfy the provisions of § 2244(b)(2)(B). He has failed to make a prima facie showing that the factual predicate for his proposed claim regarding his competency, which concerns events that occurred before or during his trial, could not have been discovered previously through the exercise of due diligence. *See* § 2244(b)(2)(B)(i), (b)(3)(C). Further, as to all three of his proposed claims, Taylor has failed to make a prima facie showing that the facts underlying the claims, if proven and viewed in the light of the evidence as a whole, would establish by clear and convincing evidence that, but for constitutional error, no reasonable finder of fact would have convicted him. *See* § 2244(b)(2)(B)(ii), (b)(3)(C).

Accordingly, IT IS ORDERED that Taylor's motion for authorization to file a second or successive § 2254 application is DENIED. His motion for appointment of a facilitator or advocate is also DENIED.

This is Taylor's third unsuccessful attempt to obtain this court's authorization to file a successive § 2254 application to challenge his capital

No. 21-60159

rape conviction. Taylor was previously warned that future frivolous or repetitive requests for authorization to file a successive § 2254 application could result in the imposition of sanctions.

As Taylor has failed to heed our prior warning, he is SANCTIONED and ordered to pay the amount of $100 to the Clerk of this court. He is BARRED from filing in this court or in any court subject to this court's jurisdiction any challenge to his conviction for capital rape until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such challenge.

Additionally, Taylor is WARNED that further frivolous, repetitive, or otherwise abusive filings will invite the imposition of additional and progressively more severe sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any other court subject to this court's jurisdiction. He is also WARNED that he should review any pending appeals and actions and move to dismiss any that are frivolous.

A True Copy
Certified order issued May 18, 2021

*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit