**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**THOMAS EDWARD TAYLOR**                                                                 **PETITIONER**

**v.**                                                                                   **No. 1:21CV23-SA-DAS**

**STATE OF MISSISSIPPI**                                                                 **RESPONDENT**

**ORDER DISMISSING PETITIONER'S MOTION [5]
FOR CLARIFICATION OF TRANSFER ORDER**

This matter comes before the court on the motion [5] by Thomas Edward Taylor for

clarification of the court's order [4] transferring this case to the Fifth Circuit Court of Appeals for want

of subject matter jurisdiction. That order made clear the reason this court does not have jurisdiction:

the instant petition [1] challenges the same conviction and sentence as previous petitions (*see, e.g.,*

*Taylor v. Booker*, 1:00CV297-S-D, *Taylor v. State of Mississippi*, 1:16CV84-SA-RP). In successive

petitions such as the present one, the Antiterrorism and Effective Death Penalty Act vests jurisdiction

with the Fifth Circuit Court of Appeals, not this court. *See* 28 U.S.C. § 2244(a) and (b)(2).

After the petitioner filed his Motion [5] for Clarification in this court, the Fifth Circuit issued a

stern order [6], noting that the instant petition is Taylor's *third* attempt to gain permission to proceed

with a successive petition for a writ of *habeas corpus*. In that order, the Fifth Circuit imposed a

monetary sanction of $100 – and forbade Mr. Taylor from pursuing "any challenge to his conviction

for capital rape until the sanction is paid in full, unless he first obtains leave of the court in which he

seeks to file such a challenge." Doc. 6 at 3. The Fifth Circuit also warned Mr. Taylor of more

severe sanctions in the future if he submits "further frivolous, repetitive, or otherwise abusing filings."

*Id.*

Based on the straightforward nature of this court's initial transfer order [4] (which Mr. Taylor

has seen more than once in previous cases), as well as the crystal clarity of the Fifth Circuit's order

[6], the instant motion [5] for clarification is **DISMISSED** as moot.   If Mr. Taylor submits further documents in this case, they will be placed on the docket as correspondence.

      **SO ORDERED**, this, the 3rd day of August, 2021.

                                       /s/ Sharion Aycock
                                       U. S. DISTRICT JUDGE